UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-61421-CIV-MARRA

In re:

AURORA CAPITAL, INC.,

    Debtor.
_____/
LESLIE OSBORNE, Chapter 11 Trustee

    Plaintiff,

v.

DAVID KADOCH, MICHAEL KADOCH,
SHEILA KADOCH, M.R.S. VENTURE, INC.,
ZIV TIROSH, OSWALDO PITOL, ARIE
MREJEN, JUAN CARLOS MARTINEZ,
BRUCE FOERSTER, and ARIE MREJEN, P.A.,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants, Ziv Tirosh and Oswaldo Pitol's Motion to Withdraw the Reference to the Bankruptcy Court [DE 1]. The Court has reviewed all briefs submitted in connection with this motion, as well as the entire record and is otherwise fully advised in the premises.

## BACKGROUND

This matter arises out of the Chapter 11 Voluntary Petition for Bankruptcy filed by Aurora Capital, Inc. ("Aurora" or "Debtor"), Case No. 09-11971-BKC-RBR. Leslie Osborne, the Trustee for Aurora, ("Trustee") commenced this adversary proceeding on June 10, 2011,

1

against Ziv Tirosh ("Tirosh") and Oswaldo Pitol ("Pitol"), collectively, the "Moving Defendants", alleging claims for breach of fiduciary duty, recovery of unlawful shareholder distributions pursuant to Fla. Stat. §607.0834, avoidance of fraudulent transfers pursuant to 11 U.S.C. §548(a)(1)(B) and Fla. Stat. §§726.105(1)(b) and 726.106(1), and recovery of property under 11 U.S.C. §550. [DE 2-2 at 1-37].  These claims are based upon allegations that Tirosh and Pitol improperly discharged their duties under Florida law as members of Aurora's Board of Directors.

Tirosh and Pitol now move for withdrawal of the reference to the Bankruptcy Court, arguing that they have demanded a jury trial and do not consent to the trial taking place before the Bankruptcy Court; the Bankruptcy Court cannot enter final judgments because the claims are non-core or unconstitutionally core under *Stern v. Marshall*, 131 S.Ct. 2594; and withdrawal will ensure uniformity in administration, shorten adjudication of the claims, and will conserve resources. [DE 1 at 2].

The Trustee objects to the relief requested by the Moving Defendants, arguing that Tirosh and Pitol each filed proofs of claim in the bankruptcy case, thus waiving any right to a trial by jury, and that the issues in the complaint involve primarily, if not exclusively, "core proceedings" as defined in 28 U.S.C. §157(b)(2)(A)(B)(E)(F)(H)(O).  The Trustee also notes that even if there is a right to a jury trial, and even if the issues are not core proceedings, local practice is to have the Bankruptcy Court retain jurisdiction to handle all pretrial matters, including dispositive motions. [DE 2-4 at 1-2].

In reply, the Moving Defendants state that they did not file proofs of claim, rather, their names appear solely as those to be noticed on behalf of an entity. Furthermore, they argue that

filing a proof of claim is not a waiver of the right to a jury trial. [DE 2-5 at 3-4]. Finally, they argue that the claims against them do not stem from the bankruptcy itself; cannot be resolved by the claims allowance process; and, therefore, withdrawal of the reference is required. [*Id.* at 5-6].

## DISCUSSION

### The request for a jury trial does not require a withdrawal of the reference at this time.

Although the Trustee argues that the Moving Defendants have filed proofs of claim and have, therefore, waived a jury trial, no support for this contention has been presented to the Court by the Trustee. The Moving Defendants submitted a copy of the Southern District of Florida Claims Register in support of their position that corporations submitted these claims, not them. [DE 2-5 at 12, 20]. The Court finds that the Moving Defendants have properly asserted their demand for a jury trial of all issues triable as of right by a jury and have not waived this right. [DE 2-2 at 125, 205].

Section 28 U.S.C. § 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In examining the language of 28 U.S.C. § 157(d), the Eleventh Circuit has stated that "[e]ven though Congress provided no statutory definition of the word 'cause', the courts have made it plain that this is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). The following factors are considered to determine sufficient cause: 1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum

shopping and confusion; (3) promoting the economical use of the parties' resources; (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) a jury demand and (8) prevention of delay. *See Dionne v. Simmons (In re Simmons),* 200 F.3d 738, 742 (11th Cir. 2000); *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004); *Control Center, LLC v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002).  Notably, "a demand for a jury trial in a non-core case can, in itself, provide sufficient cause to withdraw the reference."[1] *In re Dreis & Krump Mfg. Co.*, No. 94 C 4281, 1995 WL 41416 at *3 (N.D. Ill. Jan. 31, 1995).

At the same time, a demand for a jury trial standing alone may be insufficient cause for withdrawal if the motion is made too early in the proceedings.  *In re Winstar Communications, Inc.*, 321 B.R. 761, 764 (D. Del. 2005); *Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61-62 (S.D.N.Y. 1992).  Indeed, "a court may wait until the case is ready to go to trial before withdrawing the reference" because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues . . . is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." *In re Dreis*, No. 94 C 4281, 1995 WL 41416 at * 3 (N.D. Ill. Jan. 31, 1995) (internal citations omitted); *see also Stein v. Miller*, 158 B.R. 876, 880 (S.D. Fla. 1993) (the defendants were not entitled to have dispositive motions decided by the district court, despite the withdrawal of the reference for the purpose of jury trial).

In sum, while the Court finds that withdrawal of the reference is appropriate for purposes

---

[1] 28 U.S.C. § 157(e) provides that bankruptcy courts may only hold jury trials "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

of conducting the jury trial, at this point in the proceedings, the withdrawal would be premature. Thus, the Court withdraws the bankruptcy reference only for the purposes of jury trial, and leaves the reference intact as to all pretrial matters.

### ***Stern v. Marshall* does not mandate withdrawal at this time**

Congress has divided bankruptcy proceedings into three categories: (1) those that <u>arise under</u> title 11; (2) those that <u>arise in</u> title 11; and (3) those that are <u>related to</u> a case under title 11. *See Stern v. Marshall*, 131 S.Ct. 2594, 2603 (2011) (citing 28 U.S.C. § 157(a)). District courts may refer any or all such proceedings to the bankruptcy judges of their district, and bankruptcy courts may enter final judgments in " 'all core proceedings <u>arising under</u> title 11, or <u>arising in</u> a case under title 11.' " *Id.* (quoting §§ 157(a), (b)(1)) (emphasis supplied). "Parties may appeal final judgments of a bankruptcy court in core proceedings to the district court, which reviews them under traditional appellate standards." *Id.* at 2603-04. If a bankruptcy judge determines that a proceeding is "not a core proceeding, but . . . is otherwise related to a case under title 11," then that judge may only "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1). In those matters, "[i]t is the district court that enters final judgment . . . after reviewing *de novo* any matter to which a party objects." *Stern*, 131 S.Ct. at 2604 (citing § 157(c)(1)).

*Stern* involved a tortious interference counterclaim that the bankruptcy court determined to be a "core proceeding" as defined by § 157(b)(2)(C). *Id.* at 2602. After determining it had jurisdiction over the matter, the bankruptcy court rendered a final judgment on the state law counterclaim. *Id.* at 2601. The Supreme Court determined that although the bankruptcy court had the statutory authority under 28 U.S.C. § 157(b) to issue a final judgment on the state law

5

counterclaim, it was a violation of Article III of the United States Constitution for Congress to have conferred that authority upon the bankruptcy court. *Id.* at 2620. The Supreme Court held:

> Article III of the Constitution provides that the judicial power of the United States may be vested only in courts whose judges enjoy the protections set forth in that Article. We conclude today that Congress, in one isolated respect, exceeded that limitation in the Bankruptcy Act of 1984. <u>The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim</u>.

*Id.* (emphasis supplied).

The Supreme Court also made clear that it did not intend its decision in *Stern* to have broad implications:

> As described above, the current bankruptcy system also requires the district court to review *de novo* and enter final judgment on any matters that are "related to" the bankruptcy proceedings, § 157(c)(1), and permits the district court to withdraw from the bankruptcy court any referred case, proceeding, or part thereof, § 157(d). Pierce has not argued that the bankruptcy courts "are barred from 'hearing' all counterclaims" or proposing findings of fact and conclusions of law on those matters, but rather that it must be the district court that "finally decide[s]" them. . . . We do not think the removal of counterclaims such as Vickie's from core bankruptcy jurisdiction meaningfully changes the division of labor in the current statute; <u>we agree with the United States that the question presented here is a "narrow" one</u>.

*Id.* (emphasis supplied). *See In re Sundale, Ltd. v. Florida Associates Capital Enterprises, LLC*, 499 Fed. Appx. 887, 2012 WL 5974125 *3 (11th Cir. 2012). In short, the Supreme Court limited, in at least one respect, the ability of bankruptcy courts to render final judgments. Nothing in the *Stern* decision, or any other decision, has limited the ability of bankruptcy courts to issue reports and recommendations in all matters that have been properly referred to the bankruptcy court.

The Court finds the decision of the Southern District of New York in *In re Extended Stay, Inc.*, 466 B.R. 188 (2011), to be persuasive here. That decision provided:

> In holding that *Stern* does not mandate withdrawal of these five actions, I do not reach the issue of how *Stern* applies to each of the 125 claims at issue. The bankruptcy court is capable of making that determination initially, subject to de novo review by this Court. In the event that the bankruptcy court does not have constitutional authority to enter a final judgment on certain claims, it may submit proposed findings of fact and conclusions of law to this Court. Withdrawing the reference simply due to the uncertainty caused by *Stern* is a drastic remedy that would hamper judicial efficiency on the basis of a narrow defect in the current statutory regime identified by *Stern*. Neither the Supreme Court nor most of the courts to consider *Stern* have given it the expansive effect advocated by plaintiffs. Accordingly, *Stern* does not provide a basis independent of section 157(d) for mandatory withdrawal in these five actions.

*Id.* at 203(footnote omitted). This Court agrees with the sound reasoning of the Southern District of New York. The bankruptcy court can, and should, initially determine whether it has the constitutional authority to render a final judgment on a particular issue. The Court will review the specific legal question of constitutional authority *de novo*, and if the Court determines that the bankruptcy court erred in rendering a final judgment, it will simply treat the Court's "decision" as a report and recommendation. *See In re Rothstein, Rosenfeldt, Adler, P.A.*, No. 12-60123-CIV, 2012 WL 82700 (S.D. Fla. March 9, 2012). This conclusion is consistent with the Southern District of Florida's Administrative Order 2012-25.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)  Defendants, Ziv Tirosh and Oswaldo Pitol's Motion to Withdraw the Reference to the Bankruptcy Court **[DE 1]** is **GRANTED IN PART AND DENIED IN PART**.

2)  The bankruptcy court reference is withdrawn in part for the purpose of a jury trial. The bankruptcy court reference is affirmed in all other respects, including for the hearing and determination of case dispositive motions. If and when this case

    becomes ready for trial, the Court shall place it on its trial calendar.

 3) The **CLERK** shall **CLOSE** this case. When the case is ready for trial, any party may open a new case in the district court and attach a copy of this Order so that this case will be assigned to the undersigned.

 4) All pending motions are **DENIED AS MOOT**.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of May, 2013.

             _____
             KENNETH A. MARRA
             United States District Judge